IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DARLENE E. LEDBETTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:14-cv-85-WC |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

## I.   INTRODUCTION

Darlene E. Ledbetter ("Plaintiff"), filed an application for disability insurance benefits under Title II of the Social Security Act ("the Act") and for supplemental security income under Title XVI of the Act, 42 U.S.C. §§ 401 *et seq.* Her application was denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued a decision in which the ALJ found Plaintiff not disabled from the alleged onset date of September 26, 2008, through the date of the decision. Plaintiff appealed, and upon the motion of the Commissioner of Social Security ("Commissioner"),[1] this court on April 6, 2012, reversed the decision of the Commissioner and remanded the case for further administrative proceedings. Tr. 763-66. The Appeals Council vacated the earlier decision of the ALJ and remanded the case to the ALJ for further proceedings. Tr. 768-72.

On remand, a second hearing was held on June 25, 2013, before a different ALJ, who issued

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

a decision which again found Plaintiff not disabled from the alleged onset date of September 26, 2008, through the date of the decision, October 15, 2013.  The ALJ's decision subsequently became the final decision of the Commissioner.  *See* Pl.'s Br. (Doc. 15) at 4; *Chester v. Bowen,* 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge.  Pl.'s Consent to Jurisdiction (Doc. 12); Def.'s Consent to Jurisdiction (Doc. 13).  Based on the court's review of the record and the briefs of the parties, the court AFFIRMS the decision of the Commissioner.

## II.    STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to benefits when the person is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2011).

(1) Is the person presently unemployed?
(2) Is the person's impairment severe?
(3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of Impairments]?
(4) Is the person unable to perform his or her former occupation?
(5) Is the person unable to perform any other work within the economy?
An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2]A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4.  *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4.  At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform.  *Id.*

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity ("RFC").  *Id.* at 1238-39. The RFC is what the claimant is still able to do despite the claimant's impairments and is based on all relevant medical and other evidence.  *Id.*  It may contain both exertional and nonexertional limitations.  *Id.* at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform.  *Id.* at 1239.  To do this, the ALJ can either use the Medical Vocational Guidelines[4] ("grids") or call a vocational expert ("VE").  *Id.* at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

Disabled." *Id.*

The court's review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). Substantial evidence is more than a scintilla, but less than a preponderance. It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation marks and citation omitted); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004) ("'Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence.'") (alteration added). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986) (per curiam).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987) (per curiam).

## III.    ADMINISTRATIVE PROCEEDINGS

Plaintiff was thirty-eight years old at the time of the second hearing before the ALJ, and she had a high school education. Tr. 205, 685. Following the administrative hearing and employing the five-step process, the ALJ found at Step 1 that Plaintiff "has not engaged in substantial gainful activity since September 26, 2008, the alleged onset date." Tr. 669. At Step 2, the ALJ found that

Plaintiff suffers from severe impairments of "mild facet arthrosis at L4-5 and L5-S1, asthma, migraine/headaches, left carpal tunnel syndrome, obesity, degenerative joint disease of the right knee, history of bilateral plantar fasciitis/disorder of the feet with stress fractures, irritable bowel syndrome, and myositis." Tr. 669. The ALJ then found at Step 3 that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." Tr. 673. Next, the ALJ found that Plaintiff has the RFC to perform sedentary work with additional limitations. Tr. 674.

Following the RFC determination, the ALJ found at Step 4 that Plaintiff could not perform her past relevant work. Tr. 684. At Step 5, and having consulted with a VE, the ALJ found that, "[c]onsidering Claimant's age, education, work experience, and residual functional capacity," "there are jobs that exist in significant numbers in the national economy that Claimant can perform." Tr. 685. The ALJ identified the following occupations as examples: "Call Out Clerk," "Document Preparer, Microfilm," and "Addresser." Tr. 685. Accordingly, the ALJ determined that Plaintiff "has not been under a disability, as defined in the Social Security Act, from September 26, 2008, through the date of th[e] decision." Tr. 686.

## IV.   PLAINTIFF'S CLAIMS

Plaintiff presents two issues for this court's consideration in review of the ALJ's decision: (1) whether "[t]he Commissioner's decision should be reversed, because the ALJ's credibility determination with respect to [Plaintiff's] testimony regarding the limitations imposed by her medically severe migraines lack the support of substantial evidence"; and (2) whether "[t]he Commissioner's decision should be reversed because the ALJ failed to issue findings as to the side effects of [Plaintiff's] medication." Pl.'s Br. (Doc. 15) at 5.

## V.   DISCUSSION

### A.   Migraines

Plaintiff argues "the ALJ's credibility determination with respect to [Plaintiff's] testimony regarding the limitations imposed by her medically severe migraines lack the support of substantial evidence." Pl.'s Br. (Doc. 15) at 5.  She further argues "that the ALJ's reason to find her testimony regarding her migraine headaches and irritable bowel syndrome incredible were not supported by substantial evidence." Pl.'s Br. (Doc. 15) at 8.[5]

The United States Court of Appeals for the Eleventh Circuit has articulated its "pain standard," governing the evaluation of a claimant's subjective testimony about pain, as follows:

> In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). "Thus, the ALJ must determine: first, whether there is an underlying medically determinable impairment that could reasonably be expected to cause the claimant's pain or other symptoms; and second, the intensity and persistence of the symptoms and their effect on the claimant's work." *Himes v. Comm'r of Soc. Sec.*, 585 F. App'x 758, 765 (11th Cir. 2014) (citing 20 C.F.R. § 416.929(a), (c)). The ALJ evaluates the "claimant's subjective testimony of pain" only after the claimant satisfies the first and one of the alternate portions of the second prong of the pain standard. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

---

[5]Plaintiff mentions the ALJ's decision regarding irritable bowel syndrome only in this one sentence, and she does not identify it in her listing of the issues.  Consequently, the court does not treat the findings regarding irritable bowel syndrom as an issue before the court.

The Eleventh Circuit has explained that, "in certain situations, pain alone can be disabling, even when its existence is unsupported by objective evidence." *Id.* at 1561. Importantly, it is only evidence of the underlying condition which could reasonably be expected to cause pain, not evidence of actual pain or its severity, which must be presented by the claimant to satisfy the "pain standard." *Elam v. R.R. Ret. Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991); *see also Foster v. Heckler*, 780 F.2d 1125, 1129 (4th Cir. 1986); *Hill v. Barnhart*, 440 F. Supp. 2d 1269, 1272-73 (N.D. Ala. 2006). After determining that a claimant satisfies the pain standard, the ALJ must then proceed to consider the claimant's subjective testimony about pain. The ALJ's decision to reject or discredit such testimony is reviewed for substantial evidence. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992). If the ALJ finds the claimant's subjective testimony not credible, the ALJ "must articulate explicit and adequate reasons for doing so," and failure to do so "requires, as a matter of law, that the testimony be accepted as true." *Wilson*, 284 F.3d at 1225.

Here, the ALJ recognized that Plaintiff had migraine headaches, but he articulated explicit and adequate reasons for finding that Plaintiff's "testimony that she has four to six migraine headaches a month [was] not supported by the preponderance of the evidence." Tr. 680, 718. The ALJ pointed out that CT scans in 2006 and 2008 were negative, but Plaintiff argues normal CT scans are not dispositive of whether someone suffers from disabling headaches. Pl's Br. (Doc. 15) at 9; *cf. Ortega v. Chater*, 933 F. Supp. 1071, 1076 (S.D. Fla. 1996) (absence of laboratory tests confirming existence and severity of migraines was not dispositive). However, in addition to this objective evidence, the ALJ relied on other substantial evidence in finding lack of support for Plaintiff's testimony that she suffers four to six migraine headaches a month. The ALJ explained that Plaintiff received conservative care for the headaches, and during an emergency room visit in

January 2007 for a migraine headache and rash, she received "injections of Solu-Medrol, Benadryl, and Toradol.  Imitrex was administered for the migraine headache."  Tr. 680; 890.  The ALJ noted that in 2009, Dr. Colley reported that Plaintiff said "she has a migraine headache about once a month that is pounding and associated with photophobia and phonophobia as well as nausea.  There is no history of an aura."   Tr. 607, 680.  Plaintiff complained to Nurse Dean in 2010 of a migraine headache since the previous Monday, and Plaintiff was assessed with migraine headaches.  Tr. 629, 680.  The ALJ stated no clear cause was established for the headaches.  He found, "Assuming that [Plaintiff] was truthful and telling Dr. Colley that she had a migraine about once a month, this frequency would not be debilitating."  Tr. 680.

Plaintiff argues her "one-time statement to Dr. Colley in 2009 does not provide substantial support to reject her testimony regarding her migraines on a record that spans four years after such visit."  Pl's Br. (Doc. 15) at 9.  But Plaintiff does not point to subsequent records that contradict her statement in 2009.  Plaintiff's statement in 2010 that she had a migraine since the previous Monday does not somehow corroborate her testimony that she had four to six migraine headaches each month.  Plaintiff relies on opinion evidence from several sources, *see* Pl's Br. (Doc. 15) at 7, but none of these sources discuss her having migraines four to six times a month.  *See* Tr. 604-12, 638, 1011-13, 1101-12.  Finally, Plaintiff argues that the ALJ failed to consider her inability to afford medication for her migraines, but such discussion was unnecessary because the ALJ reasonably determined that she had migraines only once a month, and such a frequency was not debilitating.  The court finds that the ALJ properly articulated the reasons for his assessment of Plaintiff's credibility with respect to Plaintiff's subjective complaints, and no reversible error occurred.

### B.  Side Effects of Medication

Plaintiff asserts the ALJ "failed to make a specific finding regarding [Plaintiff's] testimony concerning the side effects of her prescribed pain medicine on her ability to work." Pl.'s Br. (Doc. 15) at 10. Defendant responds that the ALJ implicitly rejected Plaintiff's complaints of medication side effects when he found her testimony, as a whole, not credible because it was inconsistent with the record. Def.'s Br. (Doc. 16) at 9.

The ALJ asked Plaintiff about any negative side effects from her medications for her chronic pain symptoms and specifically mentioned tramadol and hydrocodone. Tr. 724. Plaintiff testified, "Well, with the combination of all my medicines, and those, like the pain and the muscle relaxers and all, it keeps me drowsy, it keeps me dizzy. It's hard to focus when I'm on those medicines and I just--I feel, I don't know, like I'm heavy and I'm just weak and tired." Tr. 724. In the final hypothetical posed to the VE, which included sedentary work that could not be performed consistently for two hours a day, the VE responded, "That would not be acceptable. The employee would be released from work and, of course, that would really eliminate all competitive work." Tr. 736. The ALJ replied, "And that gets to the discussion about the symptoms and the medication side effects that [Plaintiff] was discussing in her testimony. Counselor, is there another question that we should go into with [the VE]?" Tr. 736. Plaintiff's attorney responded, "I think you've covered everything in [the] hypo . . . ." Tr. 736. In his opinion, the ALJ stated Plaintiff "has difficulty focusing when she is on medication." Tr. 676. He did not specifically address the side effects of her pain medications on her ability to work, but he found her testimony "not entirely credible" and her "testimony of disabling pain and functional restrictions is disproportionate to the objective medical evidence." Tr. 676.

Plaintiff maintains her case is indistinguishable from that in *Harris v. Astrue*, No.

9

2:09-CV-00765-TFM, 2010 WL 3583047, at *6-7 (M.D. Ala. Sept. 7, 2010), in which the court remanded for consideration of medication side effects when the ALJ's opinion did not address the impact of side effects on the claimant's ability to work. *Id.* at *7. The court held, "the ALJ should have at least mentioned [Plaintiff's] claim of side effects, making it possible for the court to know that the claim was not entirely ignored." *Id.* (citing *Cowart v. Schweiker*, 662 F. 2d 731, 737 (11th Cir. 1981) (further citation omitted).

The court disagrees that this case is the same as *Harris*. The court in *Harris* noted that the ALJ failed to incorporate the side effects of medication in the hypothetical to the VE, but the ALJ in Plaintiff's case did refer to the side effects, and Plaintiff's attorney at the hearing acknowledged the ALJ "covered everything" in the hypothetical. Tr. 736; *see also Cowart*, 662 F.2d at 735 (pointing out that when a claimant is unrepresented the ALJ has a "special duty" to develop the record). Because the ALJ properly queried Plaintiff about the side effects of her medications and incorporated her testimony about those effects into his discussion with the VE, the court concludes that, in rejecting the hypothetical, the ALJ implicitly found that the side effects of Plaintiff's medication did not preclude her from working. *See Walker v. Comm'r of Soc. Sec.*, 404 F. App'x 362, 366-67 (11th Cir. 2010). Moreover, even assuming the ALJ erred by not specifically discussing the side effects of Plaintiff's medications, Plaintiff fails to show she was harmed by it. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (applying harmless error analysis in review of social security disability determination); *see also Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination"). Plaintiff points to no evidence of physician concern about side effects or any record of reported side effects. In her October 2008 disability report, Plaintiff reported nosebleeds from

10

taking Nasonex but no other side effects.  Tr. 205.  Plaintiff reported taking no medication in her February 2009 report. Tr. 245.  Nurse Dean, who prescribed Plaintiff's medication, wrote two letters on Plaintiff's behalf but neither mentions medication side effects.  Def.'s Br.(Doc. No. 16) 10; Tr. 1013, 1103.  Considering the ALJ's finding that Plaintiff's testimony about her functional restrictions is not entirely credible, Plaintiff has failed to establish that the side effects of her medications are disabling.

Substantial evidence supports the ALJ's finding that Plaintiff's impairments did not preclude her from working as a call out clerk, document preparer, microfilm, and addresser, and Plaintiff fails to show how she was harmed by the ALJ's decision.

## VI.    CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is AFFIRMED. A separate judgment will issue.

Done this 5th day of February, 2015.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

11